In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3877

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANTHONY D. WOMACK, ALSO KNOWN
AS T-MONEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:08-cr-30023-DRH-PMF-1 — **David R. Herndon**, *Chief Judge.*

ARGUED SEPTEMBER 18, 2013 — DECIDED OCTOBER 9, 2013

Before BAUER, POSNER, and TINDER, *Circuit Judges.*

BAUER, *Circuit Judge.* On November 19, 2008, a jury convicted Anthony Womack of distributing more than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The district court sentenced Womack to 360 months' imprisonment. He appealed the sentence to this Court; we vacated the sentence and remanded for resentencing. At resentencing, the district court imposed the same sentence;

Womack again appealed to this Court. This Court again vacated Womack's sentence and remanded for resentencing. At the second resentencing hearing on December 20, 2012, the district court imposed a sentence of 262 months' imprisonment. It is this sentence that Womack now appeals. For the reasons that follow, we affirm Womack's 262-month sentence.

## I. BACKGROUND

At Womack's resentencing hearing, the district court determined the correct Sentencing Guidelines calculation. Womack qualified as a Career Offender due to his prior felony convictions, so U.S.S.G. § 4B1.1(b)(2) established his offense level at 34. His criminal history category was determined to be a 6 due to his criminal history, so the Sentencing Guidelines recommended a sentence of 262 to 327 months' imprisonment.

Womack's counsel agreed that the district court had properly calculated the statutory and Guidelines ranges, but requested a sentence of only 110 months based on a theory of progressive punishment. He argued that since Womack had spent only six months in prison prior to this conviction, a sentence of 262 months would be unduly harsh. Womack's counsel advocated for a downward variance on alternative grounds as well, contending that Womack was not a typical violent offender who was "out there shooting people." He stated that "Womack has only been convicted of one domestic violence case, and other than that, in his criminal history he has no other crimes of violence." The district court disagreed, noting that Womack "took a pretty good effort at shooting somebody once back in 1992. Took a shot at James Mitchell. That was a crime of violence."

After hearing from both parties as well as from Womack, the district court imposed a sentence of 262 months, at the lowest end of the recommended Guidelines range. Womack filed a timely appeal, and raises two issues. First, he contends that the district court committed procedural error by failing to consider his progressive punishment argument at sentencing. Second, he argues that the district court improperly categorized his prior conviction as a "crime of violence," which unjustly enhanced his sentence. We will address each argument in turn.

## II. DISCUSSION

This Court reviews *de novo* the procedures used during sentencing. *United States v. Pulley,* 601 F.3d 660, 664 (7th Cir. 2010)(citing *United States v. Smith*, 562 F.3d 866, 872 (7th Cir. 2009)). Once the Court has determined that the district court committed no significant procedural error, this Court will review the reasonableness of a sentence under an abuse of discretion standard. *United States v. Coopman*, 602 F.3d 814, 819 (7th Cir. 2010). Sentences within or below a properly calculated Guidelines range are presumed reasonable. *United States v. Liddell,* 543 F.3d 877, 885 (7th Cir. 2008).

### A. Womack's Progressive Punishment Argument

The district court must give reasons for its sentencing decision and address all of the defendant's principal arguments that "are not so weak as to not merit discussion." *United States v. Cunningham,* 429 F.3d 673, 679 (7th Cir. 2005). Courts, however, need not "tick off every possible sentencing factor in detail and discuss separately every nuance of every argument." *United States v. Collins*, 640 F.3d 265, 271 (7th Cir. 2011).

"As long as the sentencing court considers the arguments made in mitigation, even if implicitly and imprecisely, the sentence imposed will be found reasonable." *United States v. Diekemper*, 604 F.3d 345, 355 (7th Cir. 2010).

Womack contends that the district court committed procedural error by failing to properly address his mitigating argument for a downward variance based on the concept of progressive punishment. We disagree. Though the district court never explicitly used the term "progressive punishment" when responding to Womack's argument, it adequately considered the issue. The court acknowledged that Womack had only been incarcerated for six months in the past, but refused to give him a below-Guidelines sentence on this basis. The district court highlighted the fact that Womack had a handful of convictions for which no points had been assessed within the Guidelines system, a series of controlled substance and violent offender offenses, as well as 48 traffic-related convictions. The district court explained that "from the time Mr. Womack was 18, he had one serious offense after another," and commented that due to his sheer number of convictions, Womack seemed like someone who was "not willing to live within society's rules." The court emphasized "the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, … [provide] adequate deterrence to criminal conduct and protect[] the public from further crimes." Though the district court did not explicitly address Womack's progressive punishment argument, it considered the argument and dismissed it. The court then imposed a sentence of 262 months' imprisonment, at the lowest end of the Guidelines range. We

do not find it unreasonable that the court chose to impose a within-Guidelines sentence in light of Womack's lengthy criminal history.

### B. Womack's Argument That His Prior Conviction Is Not A "Crime Of Violence"

Womack contends that the court committed procedural error by characterizing his 1992 conviction for aggravated discharge of a firearm as a "crime of violence." The presentence investigation report notes that "[Womack] knowingly discharged a firearm into a building … which he knew to be occupied by James Mitchell, and the firearm was discharged from a place or position outside that building." Though the presentence investigation report does not specify the subsection of the statute under which Womack was convicted, subsection (a)(1) of Ill. Comp. Stat. § 5/24-1.2 states, "A person commits aggravated discharge of a firearm when he or she knowingly or intentionally 1) discharges a firearm at or into a building he or she knows or reasonably should know to be occupied and the firearm is discharged from a place or position outside that building." Womack's conduct falls squarely within the language of subsection (a)(1).

This Court has already concluded that a conviction for aggravated discharge of a firearm under subsection (a)(1) of 720 Ill. Comp. Stat. § 5/24-1.2 qualifies as a crime of violence in the immigration context. *Quezada-Luna v. Gonzales*, 439 F.3d 403 (7th Cir. 2006). Quezada-Luna was convicted under subsection (a)(1) of 720 Ill. Comp. Stat. § 5/24-1.2, a conviction he did not contest; instead, he challenged its characterization as a "crime of violence." *Id.* at 404. The Immigration and Naturalization

Act ("INA") defines "crime of violence" as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16. We held that a conviction for aggravated discharge of a firearm under subsection (a)(1) of the statute qualifies as a crime of violence, since it "both has as an element the use, attempted use, or threatened use of physical force against the person or property of another and describes conduct that presents a substantial risk that physical force against the person or property of another may be used." 439 F.3d at 406.

Though "crime of violence" is defined slightly differently by the Sentencing Guidelines than by the INA, the relevant language is the same. Both define a "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1); 18 U.S.C. § 16. Thus, we reach the same conclusion here, and hold that the district court properly categorized Womack's prior conviction for aggravated discharge of a firearm as a "crime of violence."

This Court previously considered whether a conviction for aggravated discharge of a firearm under subsection (a)(2) of 720 Ill. Comp. Stat. § 5/24-1.2 qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Curtis*, 645 F.3d 937 (7th Cir. 2011). Curtis was convicted under subsection (a)(2), which states, "A person commits aggravated discharge of a firearm when he or she knowingly or intentionally

discharges a firearm in the direction of another person or in the direction of a vehicle he or she knows or reasonably should know to be occupied by a person." Though Curtis argued that this conviction did not qualify as a crime of violence, we held that it does, explaining that "[d]ischarging a firearm in the direction of a person or a vehicle containing a person (regardless of what the shooter knows or reasonably should know) is unquestionably the use, attempted use, or threatened use of 'physical force against the person of another.'" *Id.* at 941. Though Womack was convicted under subsection (a)(1) of the statute, he "knowingly discharged a firearm into a building … which he knew to be occupied by James Mitchell." Thus, the analysis is the same, and Womack's conviction for aggravated discharge of a firearm qualifies as a "crime of violence."

The district court's within-Guidelines sentence of 262 months' imprisonment was reasonable and well within its discretion. It properly characterized Womack's prior conviction as a "crime of violence," and committed no procedural error at sentencing. It based its decision on Womack's extensive criminal record, the need to protect the public from further crimes, and to deter future criminal conduct.

### III.  CONCLUSION

For these reasons, we AFFIRM the sentence of the district court.