NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2014
Decided February 21, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 13-1227 | Appeal from the |
| | United States District Court for the |
| UNITED STATES OF AMERICA, | Northern District of Illinois, |
| *Plaintiff-Appellee,* | Eastern Division. |
| | |
| *v.* | No. 11 CR 683-1 |
| | |
| LAWRENCE TOLLIVER, | Amy J. St. Eve, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Between October 2006 and September 2007, Lawrence Tolliver participated in a drug ring selling heroin in Chicago and Milwaukee. He was arrested after a series of controlled buys and confessed to distributing about 1.4 kilograms during that time. He pleaded guilty to one count of conspiracy to possess and distribute heroin, 21 U.S.C. §§ 846, 841(a)(1), and the district court, after calculating a guidelines imprisonment range of 188 to 255 months, sentenced him to 139 months.

Tolliver filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California,* 386 U.S. 738, 744 (1967).

Tolliver has not accepted our invitation to respond to counsel's motion. *See* 7th CIR. R. 51(b). We confine our review to the potential issues discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel begins by noting that Tolliver has no interest in challenging his guilty plea. Thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox,* 287 F.3d 667, 671–72 (7th Cir. 2002).

In calculating a total offense level of 32, the district court found that Tolliver's drug ring had at least five participants and applied a 3-level upward adjustment based on Tolliver's role as a supervisor or manager. *See* U.S.S.G. § 3B1.1(b). Counsel first questions whether Tolliver could contest that increase. Section 3B1.1(b) adds three offense levels if the defendant managed or supervised at least one member of a criminal activity involving five or more participants. *See id.* § 3B1.1 cmt. n.2; *United States v. Figueroa*, 682 F.3d 694, 697 (7th Cir. 2012)*; United States v. Hussein*, 664 F.3d 155, 163 (7th Cir. 2011). In his plea agreement, Tolliver stipulated that he was one of at least five coconspirators, but he did not accept the government's representation about his role relative to the other participants.

We agree with counsel that it would be frivolous for Tolliver to argue that he never managed or supervised at least one of his coconspirators. We review a district court's findings about aggravating role for clear error. *United States v. Young*, 590 F.3d 467, 471 (7th Cir. 2009). A "manager" or "supervisor" does exactly what a commonsense understanding of those terms implies: He "tells people what to do and determines whether they've done it." *Figueroa*, 682 F.3d at 697; *see United States v. Weaver*, 716 F.3d 439, 443 (7th Cir. 2013); *United States v. Grigsby*, 692 F.3d 778, 790 (7th Cir. 2012). Examples include sending a cohort to exchange drugs for money and return with the cash, *United States v. Bennett*, 708 F.3d 879, 892 (7th Cir. 2013); telling a drug mule where to pick up and deliver a load, *Figueroa*, 682 F.3d at 697; and choosing who will participate in a criminal enterprise, *Young*, 590 F.3d at 472; *United States v. Cadavid*, 192 F.3d 230, 237 (1st Cir. 1999).

The record shows that Tolliver managed or supervised at least two members of the drug ring: Lashaun Jetters and Orlando Ware. Jetters was a courier; he confessed to police and admitted in his plea agreement that he was "working for" Tolliver and was paid $100 for each of seven deliveries that Tolliver had directed him to make. He added that he made an eighth delivery for free, again at Tolliver's direction. Tolliver, who

presented no evidence contradicting Jetters, thus supervised or managed him. *See Bennett*, 708 F.3d at 892; *Figueroa*, 682 F.3d at 697; *Young*, 590 F.3d at 472. Ware similarly admitted in his plea agreement that Tolliver had paid him to complete tasks like delivering drugs and mixing and packaging heroin. Again, Tolliver presented no contradictory evidence, and even if Ware could have been motivated to implicate Tolliver to mitigate his own role in the conspiracy, it was within the district court's discretion to credit his testimony. *See United States v. Mendoza*, 576 F.3d 711, 717–18 (7th Cir. 2009). Thus it would be frivolous for Tolliver to argue that the judge clearly erred by crediting his statements and finding that Tolliver supervised him.

The only other possible appellate claim—also frivolous, in counsel's view—concerns the reasonableness of Tolliver's prison term. Tolliver's criminal history placed him in Category V, which combined with his total offense level of 32, yielded an imprisonment range of 188 to 255 months. The defendant persuaded the district court that his criminal-history score was overstated, and the judge agreed that his prior convictions looked more akin to those of a Category III offender. Tolliver's sentence of 139 months, though, is a full year below the low end of the range that would have applied even if he was in Category III (151 to 188 months) and more than four years below the actual range. The sentence imposed is presumed reasonable, *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013), and nothing about this case warrants an exception to that presumption. The judge considered Tolliver's family circumstances, remorse, and commitment to drug rehabilitation. The judge also considered his failure to pay child support, the impact that heroin has in Chicago, and the need to protect the public from future crimes committed by Tolliver. *See* 18 U.S.C. § 3553(a). Any challenge to the resulting sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.