NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2014
Decided May 23, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2356

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-CR-236 |
| DORSEY CHILDS, <br> *Defendant-Appellant.* | Lynn Adelman, <br> *Judge.* |

**O R D E R**

Dorsey Childs was arrested in 2012 after he sold firearms, heroin, and crack cocaine to undercover officers. He pleaded guilty to two counts of drug distribution, *see* 21 U.S.C. § 841(a)(1), and the district court sentenced him to 96 months' imprisonment, well below the guidelines range.

Childs filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Childs has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in

the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, — F.3d —, 2014 WL 1389090, at *2 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by noting that Childs has no interest in challenging his guilty pleas. Thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first tells us that he did not identify any basis to question the district court's application of the sentencing guidelines. The court calculated an imprisonment range of 151 to 188 months, the same range that the parties arrived at in their plea agreement. The only potential claim for appeal, then, is whether Childs could argue that his concurrent prison sentences are unreasonably long. We agree with counsel that this potential claim would be frivolous. Counsel has identified no reason for us to disturb the presumption of reasonableness that applies to Childs's 96-month sentences, which are more than four years below the low end of the guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013). Before imposing sentence the judge considered the nature of the crimes, Childs's significant criminal record, his history of drug abuse and treatment needs, and his minimal work history. On the other hand, the judge considered Childs's tumultuous upbringing, his financial responsibilities, and his supportive family, and noted that his designation as a career offender, *see* U.S.S.G. § 4B1.1, may overstate the severity of his past crimes, *see* 18 U.S.C. § 3553(a).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.