NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2014
Decided June 19, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3659

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern District |
| | of Illinois, Eastern Division. |
| v. | |
| | No. 10 CR 743 - 1 |
| DANIEL H. KUTZ, | |
| *Defendant-Appellant.* | John W. Darrah, |
| | *Judge.* |

### O R D E R

A jury found Daniel Kutz guilty of robbing two banks and attempting to rob a third. *See* 18 U.S.C. § 2113(a). The district court calculated a guidelines imprisonment range of 70 to 87 months, and sentenced him to a total of 70 months. Kutz filed a notice of appeal, but his newly appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Kutz has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed.

*See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Kutz was caught in August 2010 after a customer arriving at bank in Berwyn, Illinois, spotted him outside scrambling to gather currency that had spilled from a canvas bag. The customer stopped to help, and by the time he realized that the bank had been robbed, Kutz was gone. A police officer chased the 74-year-old Kutz and subdued him with a taser, causing him to fall and hit his head. Kutz then was linked through bank security videos to an April 28, 2010, robbery in River Forest, Illinois, and a failed robbery attempt at a different Berwyn bank on April 21. He was charged with all three crimes.

Before trial the government filed two motions in limine. One sought to exclude evidence concerning the force used in arresting Kutz, including photos of him bloodied from his fall. The other motion sought approval to introduce evidence that Kutz had $2.99 in his checking account on the morning of April 28, yet later that day, after $4,001 had been taken during the bank robbery, he used cash to buy six money orders totaling over $3,000. The district court granted both motions without objection from Kutz.

At trial tellers from the banks identified Kutz as the robber. The bank customer who unwittingly had helped him after the August robbery also identified Kutz. Police officers recounted that Kutz had $2,610 when he was arrested, and that in a dumpster along his path from the bank they had found a hat, shirt, and gloves matching those worn by the robber depicted in the bank security video from that day. As expected, the government proved that Kutz did not have enough money in his checking account to pay for the money orders that he purchased on the day of the April 28 robbery. The prosecutor also introduced the bank security video from April 21 showing Kutz.

Two evidentiary issues arose during the trial. First, Janette Galvan, a teller who placed Kutz in her bank on April 21, disclosed on cross-examination that she had written an account of the unsuccessful robbery for investigators, keeping a copy for herself. The prosecutors were caught off guard by this testimony; they did not have a copy of Galvan's statement, and neither had Kutz's lawyers seen it. Defense counsel were given a chance to speak with Galvan during a break in the trial, and afterward the lawyers said that her written statement would not be useful to Kutz. Second, the defendant tried to cross-examine an FBI agent about what he was told by another bank employee during the investigation of the attempted robbery on April 21. The district court sustained the government's hearsay objection.

After the government had rested, Kutz moved for a judgment of acquittal on each of the three counts. The district court took the motion under advisement, *see* FED. R. CRIM. P. 29(b), but, as far as the record shows, never formally denied it. Kutz did not present any evidence. Nor did he object to the district court's jury instructions.

Following the jury verdicts, the probation officer prepared a presentence report. The probation officer calculated a total offense level of 25 and a criminal history category of III, yielding a guidelines imprisonment range of 70 to 87 months. Both parties agreed with these calculations. At sentencing defense counsel argued that Kutz's age and poor health warranted a 48-month sentence. The government argued for a term with the guidelines range, emphasizing that Kutz already had been to prison for a 2003 armed bank robbery and was suspected of committing another, uncharged bank robbery in April 2010. The district judge acknowledged Kutz's arguments in mitigation but, citing the need for deterrence, sentenced him to 70 months' imprisonment.

In his *Anders* submission, appellate counsel questions whether Kutz could challenge the sufficiency of the evidence supporting his three convictions. (Counsel correctly notes that the district court implicitly denied the defendant's Rule 29 motion by entering a judgment of conviction on the jury's verdicts. *See United States v. Depew*, 210 F.3d 1061, 1065 (9th Cir. 2000) (explaining that district court had implicitly denied defendant's discovery motion by entering judgment of conviction without expressly ruling on motion); *United States v. Gordon*, 844 F.2d 1397, 1399 (9th Cir. 1988) (noting that district judge had implicitly denied Rule 29 motions).) We agree with counsel that a sufficiency claim would be frivolous. The only contested issue at trial was the identity of the bank robber. The government presented eyewitnesses who fingered Kutz as the culprit in each instance. That testimony was subject to cross-examination and, by itself, was enough for the jury to convict. *See United States v. Torres-Chavez*, 744 F.3d 988, 992 (7th Cir. 2014); *United States v. Crotteau*, 218 F.3d 826, 832 (7th Cir. 2000); *United States v. Sullivan*, 431 F.3d 976, 983–84 (6th Cir. 2005). The bank security videos and Kutz's possession of proceeds from the two successful robberies sealed the case against him.

Counsel also questions whether Kutz could argue that the district court abused its discretion in granting the government's unopposed motions in limine. *See United States v. Phillips*, 745 F.3d 829, 833 (7th Cir. 2014) (noting that district court's evidentiary rulings are reviewed for abuse of discretion). We agree with counsel that any argument about the motions would be frivolous. As counsel observes, evidence about Kutz's financial situation and sudden influx of money was relevant, *see United States v. Watson*, 525 F.3d 583, 588 (7th Cir. 2008); *United States v. Cabrera*, 259 F.3d 818, 829 (7th Cir. 2001),

and was not unfairly prejudicial, *see United States v. Blackburn*, 992 F.2d 666, 668–69 (7th Cir. 1993). Counsel is also correct that Kutz's injury during his arrest was irrelevant, so the district court appropriately excluded that evidence. *See Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) (explaining that evidence of force used in arresting defendant is generally not relevant to criminal prosecution); *Cummings v. City of Akron*, 418 F.3d 676, 684 (6th Cir. 2005) (same).

Counsel next considers whether Kutz could argue that the prosecutor violated the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing Galvan's written account. Galvan had given that statement to investigators, so the government was deemed to have possession even though the prosecutors were unaware of it. *See Kyles v. Whitley*, 514 U.S. 419, 437–38 (1995); *United States v. Gray*, 648 F.3d 562, 567–68 (7th Cir. 2011). Yet *Brady* and *United States v. Giglio*, 405 U.S. 150, 154–55 (1972), require disclosure only to the extent that evidence is materially exculpatory or impeaching, and, as Kutz's trial counsel conceded, Galvan's written statement was neither. So a *Brady* claim would be frivolous. *See Mosley v. City of Chicago*, 614 F.3d 391, 398 (7th Cir. 2010); *Harris v. Kuba*, 486 F.3d 1010, 1015–16 (7th Cir. 2007). The government did come close to violating its disclosure obligation under the Jencks Act. *See* 18 U.S.C. § 3500(b); *United States v. Johnson*, 200 F.3d 529, 535 (7th Cir. 2000) (explaining that prosecutor's ignorance of testifying witness's prior statement does not excuse nondisclosure if statement is in hands of investigators). But an appellate claim would be frivolous since Kutz's trial counsel conceded that Galvan's earlier statement was unhelpful to the defense. *See Johnson*, 200 F.3d at 535–36 (noting that Jencks Act violations may be harmless); *United States v. Wables*, 731 F.2d 440, 448 (7th Cir. 1984) (same).

Appellate counsel further questions whether Kutz could argue that the district court abused its discretion by not allowing him to question the FBI agent about a nontestifying teller's statements. The district judge correctly recognized that Kutz was trying to elicit inadmissible hearsay, *see* FED. R. EVID. 801; *United States v. Thornton*, 463 F.3d 693, 696–97, 699 (7th Cir. 2006), so any claim of error would be frivolous.

The same is true, says counsel, about any claim concerning the district court's jury instructions. Counsel has not identified any arguable error in the court's charge, which utilizes this circuit's pattern instructions. *See* SEVENTH CIR. PATTERN JURY INSTRUCTIONS (2012). The judge instructed, without objection from Kutz, on identification testimony, the only contested question at trial. *See id*. No. 3.12. We thus agree with counsel that any argument here would be frivolous. *See United States v. Irorere*, 228 F.3d 816, 825 (7th Cir. 2000); *Crotteau*, 218 F.3d at 832–33.

Counsel finally concludes that any argument Kutz might make about the reasonableness of his within-guidelines prison sentence would be frivolous. We agree. Counsel has identified no reason for us to disturb the presumption of reasonableness that applies to the sentence. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013). Before imposing sentence the judge considered that a prison term within the guidelines range could amount to a de facto life sentence for Kutz (who was 77 by the time of sentencing). The court also recognized that Kutz had led an exemplary life for 65 years, and that he needed medical treatment. On the other hand, the judge considered that Kutz had committed the first of these three robberies while on supervised release for another robbery, that his crimes had been traumatic for the victim-employees at the banks, and that prison had not deterred Kutz from robbing banks. *See* 18 U.S.C. § 3553(a).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.