NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 29, 2014
Decided September 29, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-3090

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-CR-242-2-JPS |
| JAMES E. WARREN, *Defendant-Appellant.* | J. P. Stadtmueller, *Judge.* |

**O R D E R**

James Warren was a frequent customer of Fearless Distributing, a store in Milwaukee, Wisconsin, that not only sold clothing and other merchandise but also held itself out as a willing buyer of guns and drugs. Over the course of three months, either in person or through friends, Warren sold store employees several firearms and a number of pills containing controlled substances including ecstasy. Unfortunately for Warren, Fearless Distributing was operated by undercover ATF agents. Warren was arrested five months after his last transaction, and he pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1).

The district court calculated a total offense level of 27, *see* U.S.S.G. §§ 2K2.1, 3E1.1, and assigned 4 criminal-history points, which generated a Category III criminal history and a guidelines imprisonment range of 87 to 108 months. The court sentenced Warren below that range to 57 months, reflecting the judge's longstanding disagreement with the broad applicability of the 4-level upward adjustment for possessing a gun with an obliterated serial number. *See id.* § 2K2.1(b)(4)(B).

Warren has filed a notice of appeal, but his newly appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Warren has not answered our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel alerts us that Warren wants his guilty plea set aside, but the lawyer rightly concludes that any challenge to the plea colloquy or the voluntariness of Warren's plea would be frivolous. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Warren did not move to withdraw his guilty plea in the district court, so we would review the plea colloquy only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). The transcript of the plea colloquy confirms that the district court substantially complied with Federal Rule of Criminal Procedure 11. The court admonished Warren about the rights he was waiving by pleading guilty and assured that his plea was voluntary. *See* FED. R. CRIM. P. 11(b). Although the court did not say expressly that it would evaluate "possible departures under the Sentencing Guidelines" and "sentencing factors under 18 U.S.C. § 3553(a)," *see* FED. R. CRIM. P. 11(b)(1)(M), the court did tell Warren that it would determine the applicable sentencing guidelines and impose an appropriate sentence. This slight variation from the rule is inconsequential.

Counsel next considers whether Warren could contest the denial of his motion to suppress the drugs and paraphernalia found at his home when he was arrested. Counsel correctly concludes that, because Warren pleaded guilty unconditionally, he waived the right to challenge the district court's ruling. *See, e.g., United States v. Adigun*, 703 F.3d 1014, 1018–19 (7th Cir. 2012).

Counsel also evaluates but rejects several potential challenges to the guidelines calculations. Counsel asserts and we agree that one of those potential challenges—to an upward adjustment under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense—would be frivolous because Warren waived the issue. In the district court he objected when the probation officer recommended applying this upward adjustment: Warren asserted that the government could not prove that he had possessed a gun while dealing drugs to the undercover agents, and also that his possession of firearms was not "in connection with" another felony. But later in writing and again at the sentencing hearing, Warren withdrew this objection, thus waiving it. *See United States v. Locke*, No. 11-3743, 2014 WL 3563360, at *3 (7th Cir. 2014); *United States v. Knox*, 624 F.3d 865, 875 (7th Cir. 2010).

We also concur with counsel's assessment that two other potential challenges to the guidelines calculations would be frivolous. Warren had objected to increases under § 2K2.1(b)(1)(A) and § 2K2.1(b)(4)(B), which were imposed because the offense involved at least three guns, including one with an obliterated serial number. Warren opposed those increases because he did not personally hand the ATF agents the gun with the obliterated serial number or several others. But though Warren presented only two guns himself, he never disputed that he directed his girlfriend to sell the handgun with the obliterated serial number and another man to sell the agents a shotgun and revolver. A defendant who orders cohorts to sell guns has constructive possession over those guns. *See United States v. Griffin*, 684 F.3d 691, 695 (7th Cir. 2012); *United States v. Gevedon*, 214 F.3d 807, 811–12 (7th Cir. 2000).

That leaves as a possible issue the reasonableness of Warren's prison term, but counsel concludes that any challenge would be frivolous. Warren's 57-month term is 30 months less than the low end of the guidelines range, and thus is presumptively reasonable. *See United States v. Womack*, 723 F.3d 745, 747 (7th Cir. 2013); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Counsel has not identified anything that might rebut that presumption, nor have we. The district court weighed the pertinent factors in 18 U.S.C. § 3553(a), including Warren's criminal history, his lack of respect for the law, and his purported belief that he was doing a community service by getting guns off the streets. An argument that 57 months is too long would be frivolous.

Finally, counsel states that Warren has proposed arguing that his former lawyer was constitutionally ineffective. Counsel does not identify any perceived deficiency in her predecessor's representation of Warren, which by itself would make an appellate

claim frivolous. *See United States v. Lathrop*, 634 F.3d 931, 937–38 (7th Cir. 2011). That aside, we have emphasized repeatedly that claims of ineffective assistance are best reserved for collateral review, since on direct appeal the record rarely is developed sufficiently to substantiate the claim. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.