**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2015[*]
Decided February 17, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1662

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 12 CR 708-1 |
| DAMIAN RIVERA, | |
| *Defendant-Appellant*. | Rubén Castillo, |
| | *Chief Judge*. |

**O R D E R**

Damian Rivera, a former Latin Kings member known as "King Spook" who reigned over a vast drug-distribution enterprise in Chicagoland, pleaded guilty to conspiring to possess and distribute one kilogram or more of heroin, 21 U.S.C. §§ 846, 841, unlawfully possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1), and conspiring to commit international money laundering, *id*. § 1956. At sentencing, the district court found him accountable for distributing 11 kilograms of heroin, 50

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

kilograms of cocaine, and more than 1,600 kilograms of marijuana between December 2007 and August 2012, *see* U.S.S.G. § 1B1.3(a)(1), and imposed concurrent, below-guidelines sentences of 264 months, 120 months, and 240 months, respectively. Rivera filed a notice of appeal, but his appointed attorney asserts that all possible claims are frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Rivera has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Counsel submitted a brief that explains the nature of this case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel represents that Rivera does not wish to have his guilty plea set aside, and thus counsel appropriately forgoes discussing the voluntariness of the plea or the adequacy of Rivera's plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first considers whether Rivera could challenge the district court's findings regarding relevant drug quantity and specifically asks whether the court clearly erred by crediting the testimony of his co-defendant, Lamont Wallace. Even though Rivera admitted in his plea agreement to distributing 5.7 kilograms of heroin and 1,674 kilograms of marijuana between October 2011 and July 2012, the court reasonably held Rivera accountable for additional quantities of drugs that he distributed to Wallace between 2007 and 2012. Rivera provided no evidence at sentencing to contradict Wallace's testimony that he and Rivera concocted a drug-dealing arrangement while in "boot camp" together in mid-2007, and that Wallace personally purchased or brokered from Rivera about 30 pounds of marijuana in 2007 and 2008, about 50 kilograms of cocaine between 2008 and 2010, and more than 9 kilograms of heroin in 2011 and 2012. *See United States v. Sainz-Preciado*, 566 F.3d 708, 713 (7th Cir. 2009); *United States v. Hankton*, 432 F.3d 779, 789–90 (7th Cir. 2005). Because a sentencing court may assess relevant conduct by considering any evidence that bears a "sufficient indicia of reliability," U.S.S.G. § 6A1.3(a); *see United States v. Grigsby*, 692 F.3d 778, 788 (7th Cir. 2012), we agree that any challenge to the district court's drug quantity calculation or credibility finding would be frivolous.

Next counsel considers whether Rivera could challenge the three-level adjustment for his role as a manager or supervisor, *see* U.S.S.G. § 3B1.1(b), but rightly concludes that any such argument would be frivolous because Rivera admitted in his

plea agreement that he "organized and operated a narcotics organization" by negotiating with suppliers and directing others to deliver drugs, *see Grigsby*, 692 F.3d at 790 (a "manager" or "supervisor" is simply someone who "helps manage or supervise a crime scheme").

Counsel also contemplates whether Rivera could challenge the two-level adjustment for direct involvement in importing a controlled substance. *See* U.S.S.G. § 2D1.1(b)(15)(C).[1] But counsel correctly acknowledges that any challenge would be frivolous, as Rivera stipulated in his plea agreement that he "arranged for one of his sources of narcotics supply to send him approximately 1,674.8 kilograms of marijuana from Mexico to [his] former residence in Chicago," and that Customs and Border Protection officers seized this shipment of marijuana at the U.S.-Mexican border.

Finally, counsel considers whether Rivera could challenge the reasonableness of his prison sentence, and we agree with him that such a challenge would be frivolous. Rivera's 264-month sentence is 8 years below the low end of his calculated guidelines range of 360 months to life (based on a total offense level of 40 and criminal-history category of IV). Counsel gives no reason to disregard the presumption that this below-guidelines sentence is reasonable, *see United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and we see none. The district court adequately considered the relevant 18 U.S.C. § 3553(a) factors, including Rivera's history and characteristics (highlighting Rivera's intelligence, service to his family, and community support), the nature and circumstances of the offenses (emphasizing Rivera's "diabolical" side that led him to become a "significant player" in a drug-distribution and weapon-trafficking scheme), and the need to impose a sentence that was "sufficient but no greater than necessary" (noting that the sentence would have been the same regardless of the sentencing-guidelines adjustments).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.

---

[1] Formerly U.S.S.G. § 2D1.1(b)(14)(C).