**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 7, 2015
Decided April 8, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 14-2659 | |
| | Appeal from the United States District Court |
| UNITED STATES OF AMERICA, | for the Southern District of Indiana, |
| *Plaintiff-Appellee*, | Indianapolis Division. |
| | |
| *v.* | No. 1:13CR00254-001-WTL-MJD |
| | |
| THOMAS MONTGOMERY, | William T. Lawrence, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

After Thomas Montgomery led police on a car chase, a police dog discovered him hiding in a backyard near his discarded gun, with his car parked out front. Montgomery pleaded guilty to unlawfully possessing a firearm as a convicted felon, *see* 18 U.S.C. § 922(g)(1), and was sentenced to 66 months' imprisonment. Montgomery filed a notice of appeal, but his appointed attorney asserts that all possible claims are frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Montgomery has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Counsel submitted a brief that explains the nature of this case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the issues counsel discusses.

*See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel represents that Montgomery does not wish to have his guilty plea set aside, and thus counsel appropriately forgoes discussing the voluntariness of the plea or the adequacy of Montgomery's plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first considers whether Montgomery could challenge the four-level upward adjustment he received for possessing the gun in connection with another felony offense (resisting law enforcement). *See* U.S.S.G. § 2K2.1(b)(6)(B). In general a gun is possessed in connection with another felony offense if it "facilitated, or had the potential of facilitating" that offense. *Id*. § 2K2.1 cmt. n.14(A). And an offense can qualify as "another felony offense" even if no criminal charge was brought or conviction obtained. *Id*. § 2K2.1 cmt. n.14(C). We agree with counsel that it would be frivolous to challenge the district court's finding that Montgomery's gun possession had the potential of facilitating his attempt to evade arrest. It is a felony in Indiana to draw a weapon while fleeing law enforcement, IND. CODE § 35-44.1-3-1(a)(3), (b)(1)(B), and Montgomery admitted that (1) a 911 call led officers to suspect he had a gun before the chase started and (2) an officer saw a gun in his hand when he got out of his car to escape. Under these circumstances, we would find no clear error in the district court's decision to apply the adjustment. *See United States v. Schmitt*, 770 F.3d 524, 538–39 (7th Cir. 2014) (upholding four-level adjustment for felon in possession of firearm who also committed state felony of selling drugs to obtain the firearm); *United States v. Suggs*, 624 F.3d 370, 375 (7th Cir. 2010) (upholding four-level adjustment for felon in possession of firearm who also committed state felony of resisting law enforcement by grasping gun while ignoring officers' orders).

Counsel also considers whether Montgomery could challenge the reasonableness of his prison sentence, and we agree with her that such a challenge would be frivolous. Montgomery's 66-month sentence was below the calculated guidelines range of 70 to 87 months (based on a total offense level of 25 and criminal-history category of III). Counsel gives no reason to disregard the presumption that this below-guidelines sentence is reasonable, *see United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and we see none. The district court adequately considered the relevant 18 U.S.C. § 3553(a) factors, including Montgomery's history and characteristics (highlighting Montgomery's troubled childhood, including an abusive stepfather), the nature and circumstances of the offense

(emphasizing Montgomery's flight with a weapon to evade apprehension), and the need to impose a sentence that reflected the seriousness of the offense.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.