NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2017
Decided January 18, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2820

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 14-CR-196 |
| DANNY K. JONES, <br>     *Defendant-Appellant*. | C. N. Clevert, Jr., <br> *Judge*. |

## O R D E R

Danny Jones helped lead a conspiracy that stole credit card numbers, used them to purchase tickets to concerts and sporting events, and reaped the profits from reselling the tickets to unsuspecting buyers. Jones obtained credit card numbers, directed purchases with them, and made many fraudulent purchases himself. He pleaded guilty to conspiracy to commit credit card fraud, 18 U.S.C. § 1029(a), (b)(2), and aggravated identity theft, *id*. § 1028A. His guidelines imprisonment range for these crimes was 87 to 102 months, which included a mandatory two-year consecutive sentence for the § 1028A offense. The district court sentenced him to a total of 70 months' imprisonment to be followed by 3 years' supervised release. Jones filed a notice of appeal, but his appointed attorney moves to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Jones has not accepted our invitation to

comment on counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Jones does not wish to challenge his guilty pleas and thus appropriately forgoes discussing the voluntariness of those pleas and the adequacy of the plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel has not identified any potential procedural error at sentencing, leaving only the possible claim that Jones's sentence is substantively unreasonable. But as counsel correctly recognizes, that claim would be frivolous. The total offense level of 25 for the § 1029 conspiracy coupled with Jones's criminal history category of II yielded a guidelines imprisonment range of 63 to 78 months for that charge. With the mandatory, consecutive term for identity theft, the effective range was 87 to 102 months. Jones had cooperated, however, and on the government's motion, *see* U.S.S.G. § 5K1.1, the district court sentenced him to a total of 70 months to reward his substantial assistance. Jones's sentence is substantially below the guidelines range (contrary to counsel's characterization, granting the § 5K1.1 motion did not *change* Jones's guidelines range) and thus is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013), as is his within-guidelines term of 3 years' supervised release, *see United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014). Counsel has not identified any reason to rebut those presumptions, nor have we.

In determining the appropriate sentence, the district court addressed Jones's arguments in mitigation and evaluated the sentencing factors in 18 U.S.C. § 3553(a). The court recognized that Jones had accepted responsibility for his actions and was working to improve himself through reading and "soul searching." But the district court also emphasized the number of people affected by his crimes and the need to deter others from engaging in like misconduct. The district court was particularly concerned with ongoing criminal conduct while on pretrial release. Jones had assaulted a codefendant's brother (his fiancée's son) to dissuade the codefendant from cooperating with authorities. He had also engaged in credit card fraud for months after his arraignment, even after being placed on location monitoring following the assault. The district judge told Jones that he could not "come in here and expect minimal treatment when after being charged and after being ordered by the Court to change your behavior you go out

and you commit additional crimes identical to what has been charged." Even so, the district court imposed a below-guidelines sentence to account for Jones's assistance to authorities. *See* U.S.S.G. § 5K1.1. Thus, any challenge to the substantive reasonableness of the sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.