NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2017
Decided October 25, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-3200

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:15-CR-30086-SMY |
| | |
| GREGORY FOREST, | Staci M. Yandle, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Gregory Forest pleaded guilty to bank robbery, *see* 18 U.S.C. § 2113(a), and was sentenced to 188 months in prison. Mr. Forest filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Mr. Forest opposes counsel's motion. *See* CIR. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the subjects she discusses plus the additional issue that Mr. Forest, disagreeing with counsel, believes has merit. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Mr. Forest entered a First Bank in East St. Louis, approached a teller, told her that he had a gun, and demanded money. While the teller was collecting cash, Mr. Forest walked up to the bank's security guard and handed him a business card for his girlfriend's cleaning company. Mr. Forest fled with more than $2,000. He later was identified in surveillance photographs by his girlfriend and indicted by a grand jury for bank robbery.

Given Mr. Forest's unusual conduct during the robbery, his counsel asked the district court to have a clinical psychologist evaluate Mr. Forest to ascertain whether he was competent to stand trial. The psychologist diagnosed Mr. Forest with mild or moderate forms of major depressive disorder, alcohol and cocaine use disorders, and antisocial personality disorder. He also noted that Mr. Forest had received psychiatric treatment since 1999, and intermittently taken antidepressants and anti-anxiety medications to manage his conditions. At the time of the evaluation, however, the psychologist reported that Mr. Forest did not appear to suffer from a severe mental disease or defect. Counsel then decided not to contest Mr. Forest's competence to stand trial, and Mr. Forest later pleaded guilty to the pending charge.

After a probation officer prepared a presentence investigation report (recommending an imprisonment range of 151 to 188 months based on an offense level of 29 and a criminal history category of VI), Mr. Forest raised two objections. First, he disputed the two-level upward adjustment under U.S.S.G. § 2B3.1(b)(2)(F), for making a "threat of death" during the robbery. Second, he objected to his classification as a career offender under U.S.S.G. § 4B1.1(b)(3). Mr. Forest argued that his prior Missouri conviction for first-degree robbery was not a crime of violence because the conviction records did not reflect that he used, displayed, or identified any weapon during the offense. Mr. Forest also filed a motion requesting that his "troublesome mental health issues" be considered for mitigation purposes at sentencing or as a basis for a downward adjustment under U.S.S.G. § 5K2.13.[1]

The court adopted the presentence report's calculation and sentenced Mr. Forest to 188 months. The court agreed with the probation officer that a two-level increase under U.S.S.G. § 2B3.1(b)(2)(F) was appropriate because a bank teller reasonably would have interpreted Mr. Forest's reference to a gun as a death threat. The court also rejected Mr. Forest's career-offender objection on grounds that his Missouri conviction for robbery was a crime of violence as contemplated by the guideline. The court relied

---

[1] R.71 at 1.

upon Mr. Forest's admission in connection with his guilty plea that he had threatened to use a deadly dangerous instrument against a teller. With regard to Mr. Forest's motion that the court consider his mental-health condition, the court concluded that any mitigating aspects of that condition were substantially outweighed by his extensive criminal history, and declined to grant a downward adjustment under U.S.S.G. § 5K2.13 because he did not present evidence that he was suffering from any significantly reduced mental capacity when he committed the robbery.

In her *Anders* submission, counsel informs us that Mr. Forest does not wish to withdraw his guilty plea, and thus she appropriately refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first considers whether Mr. Forest could challenge his classification as a career offender under U.S.S.G. § 4B1. She preliminarily concludes, and we agree, that any challenge to the constitutionality of the career-offender guideline as void for vagueness would be frivolous because "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). Counsel then assesses whether Mr. Forest could argue that the career-offender guideline was improperly applied in his case. The district court adopted the calculations in the presentence report, which were based on the November 2015 version of the guidelines, even though an amended version of the career-offender provision had gone into effect in August 2016, before Mr. Forest's sentencing hearing. The amendment, however, explicitly added the offense of robbery to the definition of "crime of violence." U.S.S.G. § 4B1.2(a) (Aug. 2016) ("The term 'crime of violence' means any offense … that … is … robbery … ."). Counsel correctly determined that Mr. Forest would qualify as a career offender under both versions by virtue of his two prior felony convictions for crimes of violence, specifically first-degree robbery and bank robbery. Under the November 2015 version of the guideline, robbery is identified in the commentary as a crime of violence. U.S.S.G. § 4B1.2(a), App. Note 1 (Nov. 2015) ("'Crime of violence' includes … robbery … ."). And, as we noted, the August 2016 version of the guideline incorporated robbery in its definition of "crime of violence." We thus agree with counsel that any challenge to the career-offender designation would be frivolous.

Counsel also considers whether Mr. Forest could contest the application of the two-level increase under U.S.S.G. § 2B3.1(b)(2)(F) for making a death threat. But counsel

properly concludes that this challenge would be irrelevant because the court sentenced Mr. Forest based on the higher offense level associated with the career-offender provision. *United States v. Turner*, 604 F.3d 381, 384 (7th Cir. 2010).

Counsel next evaluates whether Mr. Forest could challenge the reasonableness of his 188-month sentence, but appropriately concludes that such a challenge would be frivolous. Mr. Forest's sentence is presumed reasonable because it is within the guidelines range, and we agree with counsel that the record presents no basis to disturb the presumption. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013). The court adequately considered the factors set forth in 18 U.S.C. § 3553(a), including the serious nature of the offense, Mr. Forest's mental-health condition, and his troubling criminal history of seventeen felony convictions.

Finally, in his Rule 51(b) response, Mr. Forest argues that his Missouri conviction cannot be used as a qualifying offense under the career-offender provision because neither the prosecuting attorney nor the foreperson of the grand jury endorsed the indictment, as required by Missouri Rule of Criminal Procedure 23.01. But a sentencing hearing is not an appropriate forum to challenge collaterally a qualifying offense, *United States v. Jimenes*, 852 F.3d 631, 634 (7th Cir. 2017) (citing *Custis v. United States*, 511 U.S. 485, 487 (1994)), so any argument here would be frivolous.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.