NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2018
Decided February 21, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-2379

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:09-CR-30084-SMY-1 |
| MINTAI BEDFORD, *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

Mintai Bedford pleaded guilty to possession with intent to distribute cocaine base, *see* 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and was sentenced to 90 months' imprisonment followed by 5 years of supervised release. He later violated multiple conditions of supervision, and his release was revoked. At the revocation hearing the district court sentenced Bedford to an additional 12 months and 1 day of imprisonment followed by 3 years of supervised release. Bedford filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Bedford did not respond to counsel's motion.

Because Bedford is challenging his revocation sentence, he does not have a constitutional right to counsel unless he challenges the appropriateness of revocation or asserts substantial grounds in mitigation. *See United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Even so, we will treat this appeal as though the safeguards of *Anders* govern our review of counsel's motion to withdraw. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Using those standards, we note that because the analysis in counsel's brief appears to be thorough, we limit our review to the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

We begin by describing the background of Bedford's case. Bedford was preparing crack cocaine to sell in his Illinois home when he was robbed by his codefendants. The men pointed a handgun at Bedford, took some crack cocaine and other items, and escaped in a car. Bedford called the police, and then he chased the codefendants' car with his own car all the way to Missouri and back to Illinois. At some point during the chase the codefendants crashed their car, and the crack cocaine was recovered from the scene. Bedford pleaded guilty to possession with intent to distribute cocaine base. His supervision commenced on November 2, 2015.

Bedford began violating conditions of his supervision as early as September 2016. The initial violations included his failure to report monthly to his probation officer and unlawful possession of controlled substances (Tylenol 3 and cocaine). The probation officer petitioned the district court to revoke Bedford's supervised release. The court postponed the petition and ordered that Bedford, back in custody, be released on bond to attend a drug treatment program at a residential reentry center. Bedford then violated two more conditions of his supervision: he committed a traffic offense, and two months later he was discharged from the mandatory drug-treatment program for possessing an unauthorized cellphone. In describing the latter violation, Bedford asserted that he left the program because staff had interfered with his religious practices during Ramadan. He alleged that they refused to give him food after he had broken his fast, forced him to drink water during his fast to perform urinary drug tests, and mishandled his Koran.

After Bedford's discharge from the drug-treatment program, the probation officer again petitioned to revoke his supervised release. Bedford admitted that he was guilty of the charged violations, and the district court granted the petition.

At sentencing Bedford acknowledged that he was subject to a recommended imprisonment range of 8 to 14 months based on his Grade B violation for unlawfully possessing a controlled substance and his criminal history category of III. *See* U.S.S.G. § 7B1.4(a). But he requested five months' imprisonment with no additional supervised release, reasoning that his three months at the treatment facility should be credited. Even though he did not complete the treatment program, Bedford argued, the religious intolerance he suffered at the facility mitigated his decision to leave.

The district court rejected Bedford's arguments at sentencing. It concluded that it "cannot condone" his decision to "walk out of the halfway house when [he was] there under this Court's orders." The court also ruled that a new term of supervised release would be appropriate considering Bedford's criminal history, drug abuse, and upcoming birth of his child. Bedford received a sentence of 12 months and 1 day of imprisonment followed by 3 years of supervised release.

That brings us to the content of the *Anders* submission. Counsel informs us that Bedford does not wish to challenge his admissions to the offenses underlying the revocation of his supervised release. Thus counsel appropriately refrains from discussing the adequacy or the voluntariness of the admissions. *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel considers whether Bedford could contest the district court's calculation of the recommended prison term, but he correctly concludes that the challenge would be frivolous. Bedford's most serious violation of his conditions of supervision was a grade B violation for possession of a controlled substance, specifically Tylenol 3. U.S.S.G. § 7B1.1(a)(2) (defining grade B violation as "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year"); 720 ILCS § 570/402(c) (categorizing possession of a controlled substance as Class 4 felony). With his criminal history category of III, the recommended imprisonment range is 8 to 14 months, just as the judge said. U.S.S.G. § 7B1.4(a).

We also agree with counsel that a challenge to the calculation of the new supervised-release term also would be frivolous. Additional supervised release following revocation is permitted, so long as it does not "exceed the term of supervised release authorized by the statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). The statutory term of supervised release for

Bedford's original conviction is at least five years, *see* 21 U.S.C. § 841(b)(1)(A); *see also* U.S.S.G. § 5D1.2(a), (c) ("The term of supervised release imposed shall be not less than any statutorily required term of supervised release."). The final sentence of 3 years' supervised release falls below the available maximum of five years less the 12 months and a day for his reimprisonment term.

Counsel next evaluates whether Bedford could challenge the reasonableness of his sentence, but appropriately concludes that it would be frivolous. Bedford's sentence is presumed reasonable because it is within the guidelines range, and we agree with counsel that the record presents no basis to disturb the presumption. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013). The court adequately considered the factors set forth in 18 U.S.C. § 3553(a), including Bedford's criminal history, his recent struggle with substance abuse, and the upcoming birth of his child. It also considered his arguments in mitigation—the reasons why he failed to complete the drug-treatment program. We thus agree with counsel that any challenge to the reasonableness of his sentence would be frivolous.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.