NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 20, 2015
Decided October 21, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1559

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 14-CR-30058-MJR |
| STEVEN FOSTER, *Defendant-Appellant*. | Michael J. Reagan, *Chief Judge*. |

**O R D E R**

Steven Foster twice sold crack cocaine to an informant in Alton, Illinois, and he was charged in federal court with two counts of distribution. *See* 21 U.S.C. § 841(a)(1). Although Foster previously had been convicted of two Illinois controlled substance offenses, his appointed lawyer advised that those convictions would count as one under the sentencing guidelines and thus exclude Foster from being labeled a career offender, a designation needing at least two qualifying convictions. *See* U.S.S.G. §§ 4A1.2(a)(2), 4B1.1(a), 4B1.2(b), (c). Foster then pleaded guilty to the indictment (without a plea agreement). In the presentence investigation report, however, the probation officer counted the Illinois convictions separately and concluded that Foster is a career offender. Counsel conveyed this assessment to Foster and suggested that he might be able to claim

that counsel's erroneous advice had coerced his guilty pleas. Foster decided against changing lawyers or trying to withdraw his guilty pleas and proceeded to sentencing.

At sentencing the district court accepted the probation officer's conclusion that Foster is a career offender and calculated a total offense level of 29 and criminal history category of VI, which yielded an imprisonment range of 151 to 188 months. In part because the sales to the informant in this case were small (.1 and .6 grams of crack), the district court imposed a below-range prison sentence of 96 months to be followed by 3 years' supervised release.

Foster filed a notice of appeal, but his appointed attorney (the same lawyer who represented him in the district court) has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Foster opposes this motion, *see* CIR. R. 51(b), and also has filed a motion, which we grant, to supplement the record with documents from the state convictions that make him a career offender. Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the issues that counsel discusses plus those raised by Foster. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel represents that Foster is satisfied with his guilty pleas, and thus the lawyer appropriately forgoes discussing the voluntariness of those pleas or the adequacy of Foster's plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first considers whether Foster could argue that the district court erroneously counted his two Illinois drug convictions separately. *See* U.S.S.G. § 4A1.2(a)(2). The court gleaned the details of those convictions from the presentence report and other information proffered by Foster's attorney at sentencing. Much like the present situation arising from sales to an informant in 2014, Foster had sold crack to an informant twice in April 2011, and days later state authorities arrested him and executed a search warrant at his house that turned up more cocaine. He was taken to jail but then was released without formal charges after promising to cooperate. Foster did not cooperate, however, and in June 2011, based on the April events, he was charged with two counts of delivering a controlled substance within 1000 feet of a school, 720 ILCS 570/401(d), 407(b)(2), and one count of possession with intent to deliver, 720 ILCS 570/401(c)(2). State authorities waited to arrest Foster again until after arranging another controlled buy in July 2011, and prosecutors then added another charge of possession

with intent to deliver. Foster pleaded guilty to that crime and to the April possession of the drugs seized at his house in exchange for dismissal of the charges for the two April drug sales. Foster was sentenced the same day on both guilty pleas, but, as counsel recognizes, these two crimes still count separately because the July offense was committed after Foster's arrest for the April offense. *See* U.S.S.G. § 4A1.2(a)(2) (providing that crimes for which sentences are imposed on same day count only once in scoring defendant's criminal history unless there was intervening arrest); *United States v. Eubanks*, 593 F.3d 645, 654–55 (7th Cir. 2010); *United States v. Statham*, 581 F.3d 548, 554–55 (7th Cir. 2009).

In his Rule 51(b) response, Foster points out that he was seized at his house *moments before* the search warrant was executed in April 2011, and since the drugs found during that search underlie the April offense to which he pleaded guilty, he maintains that there wasn't an arrest between his commission of that offense and the controlled buy in July 2011.

This novel theory is frivolous. The police had discovered all of the April conduct before Foster was taken to jail, and "it is abundantly clear that being jailed to face charges amounts to an arrest." *United States v. Armstrong*, 782 F.3d 1028, 1037 (8th Cir. 2015). The drugs had been found in Foster's home before the trip to the jail, and Foster did not point to any evidence suggesting that the police technically intended to arrest him for his sales to the informant but not the possession of the cocaine in his house. Moreover, Foster's possession of cocaine was a continuing offense, stretching from the time he acquired the drugs until the contraband was discovered. *See United States v. Muhammad*, 502 F.3d 646, 653 (7th Cir. 2007). His possession crime was well underway before the police arrived with the search warrant, and so he cannot contend that he was taken into custody in the doorway before, rather than after, he committed this April possession offense.

Counsel next considers whether Foster could challenge the reasonableness of his prison sentence. That sentence is below the guidelines range and thus, on appeal, is presumed to be reasonable. *See United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Counsel and Foster do not identify a basis to set aside that presumption, nor do we perceive a basis. The district court adequately considered the factors in 18 U.S.C. § 3553(a), including the small amount of drugs involved in this case, Foster's criminal history and the difficulties he has faced, and the need to impose a sentence that reflects the seriousness of the offense and will deter further criminal conduct. *See id.* § 3553(a)(1), (2).

Counsel last evaluates whether Foster could argue that the district judge erred by imposing without objection several discretionary conditions of supervised release which had been proposed in the presentence report. The judge explained that he agreed with the probation officer's justifications for the proposed conditions and concluded that each was consistent with the pertinent sentencing factors. *See* 18 U.S.C. §§ 3583(d), 3553(a). Counsel has been unable to articulate a criticism of the special conditions, so an appellate claim about them would necessarily be frivolous.

Finally, in his Rule 51(b) response Foster asserts that his lawyer failed to grasp the circumstances of his 2011 drug crimes and thus was unable to forestall his designation as a career offender. To the contrary, as is evident from the sentencing transcript, the attorney's understanding of the facts was correct. Those facts support, not defeat, application of § 4B1.1, and counsel could not have changed that result. Regardless, claims of ineffective assistance are best saved for collateral review where the record may be better developed, *see Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005), and such claims cannot be brought by the lawyer accused of performing poorly, *see United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003); *United States v. Martinez*, 169 F.3d 1049, 1052 (7th Cir. 1999).

Foster's motion to supplement the record is GRANTED. Counsel's motion to withdraw likewise is GRANTED, and the appeal is DISMISSED.