NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2016
Decided October 28, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-1301

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:15-CR-40041-SMY |
| KENNETH D. HARRIS, JR., *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

Kenneth Harris pleaded guilty to escaping from a halfway house, 18 U.S.C. §§ 4082(a), 751(a), and was sentenced to 21 months' imprisonment and 3 years' supervised release. Harris filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Harris opposes counsel's motion. *See* Cir. R. 51(b). Counsel's supporting brief explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve, and because the analysis appears to be thorough, we limit our review to the subjects that counsel discusses plus the additional contentions in Harris's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Harris was convicted in 2011 of conspiracy to manufacture methamphetamine, *see* 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 63 months' imprisonment. Near the end of his prison term, he was transferred to the Centerstone Residential Reentry Center in Williamson County, Illinois, to serve the remainder of his sentence. Harris was permitted to leave Centerstone for authorized purposes, including employment, but on March 25, 2015, he left and did not return. Harris instead went to a hospital where he tested positive for opioids. He then stayed the night with his girlfriend, who called the police the next morning accusing Harris of physically assaulting and threatening to kill her. She declined to press charges, however, so Harris remained free but still did not return to Centerstone. Afterward he twice called his probation officer but did not turn himself in as instructed. Harris acknowledged his escape status to the probation officer but refused to surrender without assurances that his medications would be changed and that he would be transferred to a different facility. On April 1 federal marshals arrested him at his girlfriend's residence.

In her *Anders* submission counsel first tells us that Harris does not wish to challenge his guilty plea, and thus she appropriately omits discussion about the plea colloquy and the voluntariness of the plea. *See* FED R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel does question whether Harris might argue that his 21-month prison term is substantively unreasonable but rejects that potential claim as frivolous. We agree. The term is within the range of 15 to 21 months calculated by the district court and, thus, is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013). Counsel identifies nothing that would rebut that presumption, and though Harris asserts in his Rule 51(b) response that the district judge imposed a high-end sentence simply to appear "harsh in front of her audience," that speculation has no support in the record.

Counsel also considers whether Harris might argue that she rendered ineffective assistance, which Harris alleges in his Rule 51(b) response. Yet, neither counsel nor Harris has identified for us any performance that was arguably deficient, so on this record there is not even a potential claim of ineffective assistance. Regardless, any such claim is best reserved for collateral review where a record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Berg*, 714 F.3d 490, 499 (7th Cir. 2013); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005). That counsel also represented Harris at sentencing is another reason that any claim of ineffective

assistance must be reserved for collateral review. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

In his Rule 51(b) response, Harris asserts two other potential claims for appeal. First he says that he never received a copy of the presentence report before the sentencing hearing, but he told the district court exactly the opposite when asked at sentencing if he had received a copy of the report and reviewed it with his lawyer. Second, Harris contends that the district court set his sentence at 21 months so that he would be eligible for drug treatment within the Bureau of Prisons. *See Tapia v. United States*, 564 U.S. 319, 332 (2011) (prohibiting "imposing or lengthening a prison term to promote an offender's rehabilitation"). Yet here again Harris's speculation about the court's motives is not corroborated by the record. What the court actually did is recommend that the Bureau of Prisons screen Harris for drug and mental-health treatment, which is within the authority of a sentencing court. *See id.* at 331 (enabling sentencing court to recommend that inmate participate in treatment programs); *United States v. Lucas*, 670 F.3d 784, 794–95 (7th Cir. 2012) (same).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.